IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAMUEL WRIGHT, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| vs. | : | |
| | : | |
| WILLIE'S CLASSIC CARS, INC., WILLIE'S WRECKER SERVICE, INC. and WILLIE POLSTON, JR., | : | |
| | : | |
| Defendants. | : | |

# COMPLAINT

Plaintiff Samuel Wright ("Wright"), by and through undersigned counsel, brings this Complaint against Defendants Willie's Classic Cars, Inc. ("Willie's Classic"), Willie's Wrecker Service, Inc. ("Willie's Wrecker"), and Willie Polston, Jr. ("Polston") (collectively "Defendants") and shows the Court as follows:

## 1. INTRODUCTION

1.

This is an FLSA minimum wage and overtime case.

2.

Wright contends herein that Defendants, his former employers, failed to compensate him at or above $7.25 for each hour he worked and failed to pay him

at one-and-one-half times his regular hourly rate for work he performed in excess of 40 hours during each work week.

## 2. Jurisdiction and Venue

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Willie's Classic's and Willie's Wrecker's principal place of business is located in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. The Parties

6.

Wright resides in Fulton County, Georgia.

7.

From April 1, 2016 through September 26, 2016 ("the Relevant Time Period"), Defendants operated a tow truck service from their principal place of business located at 1934 Veterans Memorial Hwy., S.W., Austell, Georgia.

8.

Willie's Classic is a corporation organized under the laws of the State of Georgia.

9.

Willie's Classic is subject to the personal jurisdiction of this Court.

10.

Willie's Classic can be served via its registered agent Willie A. Polston at 5152 Lake Greystone Road, Lithia Springs, GA 30122.

11.

Willie's Wrecker is a corporation organized under the laws of the State of Georgia.

12.

Willie's Wrecker is subject to the personal jurisdiction of this Court.

13.

Willie's Wrecker can be served via its registered agent Willie Polston at 5152 Lake Greystone Road, Lithia Springs, GA 30122.

14.

Polston is a resident of Douglas County, Georgia.

15.

Polston is subject to the personal jurisdiction of this Court.

16.

Polston is owner and CEO of Willie's Classic.

17.

Polston is owner and CEO of Willie's Wrecker.

18.

Polston can be served with process at his residence located at 5152 Lake Greystone Road, Lithia Springs, GA 30122 or wherever he can be found.

**4. INDIVIDUAL COVERAGE:**

19.

At all times during the Relevant Time Period, Wright was "engaged in commerce" as an employee of Willie's Classic as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

At all times during the Relevant Time Period, Wright was "engaged in commerce" as an employee of Willie's Wrecker as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

At all times during the Relevant Time Period, Wright regularly provided towing services on behalf of Defendants for disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

**5. ENTERPRISE COVERAGE:**

22.

At all times during the Relevant Time Period, Willie's Classic has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

During 2016, Willie's Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

At all times during the Relevant Time Period, Willie's Classic's tow truck drivers operated tow trucks and related equipment that were manufactured outside of the State of Georgia.

25.

At all times during the Relevant Time Period, two or more employees of Willie's Classic handled the following materials that have moved in interstate commerce for the commercial purpose of the company: Vehicles, gasoline, automobile oil, uniforms, credit card machines, computers, and cellular phones.

26.

During 2016, Willie's Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Willie's Classic is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at

the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times during the Relevant Time Period, Willie's Classic has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

At all times during the Relevant Time Period, two or more employees of Willie's Wrecker handled the following materials that have moved in interstate commerce for the commercial purpose of the company: Vehicles, gasoline, automobile oil, uniforms, credit card machines, computers, and cellular phones.

30.

At all times during the Relevant Time Period, Willie's Wrecker's tow truck drivers operated tow trucks and related equipment that were manufactured outside of the State of Georgia.

31.

During 2016, Willie's Wrecker had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

At all times during the Relevant Time Period, Willie's Wrecker has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

33.

During 2016, Willie's Wrecker had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

34.

During 2016, Willie's Wrecker is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

At all times during the Relevant Time Period, Willie's Wrecker has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## 6. JOINT EMPLOYER ALLEGATIONS

36.

At all times during the Relevant Time Period, Willie's Classic and Willie's Wrecker comprised a single "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

37.

At all times during the Relevant Time Period, Willie's Classic and Willie's Wrecker have shared Wright's services.

38.

At all times during the Relevant Time Period, Willie's Classic and Willie's Wrecker have acted directly or indirectly in the interest of each other with respect to Wright.

39.

At all times during the Relevant Time Period, Wright has been under the direct control of both Willie's Classic and Willie's Wrecker.

40.

At all times during the Relevant Time Period, Willie's Classic and Willie's Wrecker have exercised joint control over the Wright in his capacity as an employee.

41.

In 2016, Willie's Classic and Willie's Wrecker jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

At all times during the Relevant Time Period, Willie's Classic and Willie's Wrecker have been a joint employer of Wright within the meaning of the FLSA.

## 7. STATUTORY EMPLOYER ALLEGATIONS

43.

At all times during the Relevant Time Period, Willie's Classic was an "employer" of Wright as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

44.

At all times during the Relevant Time Period, Wright was an "employee" of Willie's Classic as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

45.

At all times during the Relevant Time Period, Willie's Wrecker was an "employer" of Wright as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

46.

At all times during the Relevant Time Period, Wright was an "employee" of Willie's Wrecker as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

47.

At all times during the Relevant Time Period, Polston exercised operational control over the work activities of Wright.

48.

At all times during the Relevant Time Period, Polston was involved in the day to day operation of Willie's Classic.

49.

At all times during the Relevant Time Period, Willie's Classic vested Polston with supervisory authority over Wright.

50.

At all times during the Relevant Time Period, Polston was involved in the day to day operation of Willie's Wrecker.

51.

At all times during the Relevant Time Period, Willie's Wrecker vested Polston with supervisory authority over Wright.

52.

At all times during the Relevant Time Period, Polston exercised supervisory authority over Wright.

53.

At all times during the Relevant Time Period, Polston scheduled Wright's working hours or supervised the scheduling of Wright's working hours.

54.

At all times during the Relevant Time Period, Polston exercised authority and supervision over Wright' compensation.

55.

At all times during the Relevant Time Period, Polston was an "employer" of Wright as defined in FLSA § 3(d), 29 U.S.C. §203(d).

56.

At all times during the Relevant Time Period, Wright was an "employee" of Polston as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## ADDITIONAL FACTUAL ALLEGATIONS

57.

Wright worked as a tow truck driver for Defendants from approximately April 1, 2016 through September 26, 2016.

58.

At all times during the Relevant Time Period, Wright operated a flatbed tow truck at the direction of and on behalf of Defendants.

59.

At all times during the Relevant Time Period, Wright regularly worked for Defendants 5 to 6 days during each work week.

60.

At all times during the Relevant Time Period, Wright regularly worked a 12-hour shift from 9:00 a.m. until 9:00 p.m. (or later) from Monday through Friday.

61.

At all times during the Relevant Time Period, Wright regularly worked a ten-hour shift from 9:00 a.m. until 7:00 p.m. (or later) on Saturday or Sunday.

62.

During the Relevant Time Period, Defendants failed to create, maintain or preserve accurate records of Wright's hours worked.

63.

During the Relevant Time Period, Defendants required that Wright be "on call" on Sundays.

64.

At all times during the Relevant Time Period, the work performed by Wright was integral to Willie's Classic's business purpose.

65.

At all times during the Relevant Time Period, Willie's Classic did not employ Wright in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

66.

At all times during the Relevant Time Period, Willie's Classic did not employ Wright in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

67.

At all times during the Relevant Time Period, Willie's Classic did not employ Wright in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

68.

At all times during the Relevant Time Period, Willie's Classic did not employ Wright in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

69.

At all times during the Relevant Time Period, the work performed by Wright was integral to Willie's Wrecker's business purpose (*i.e.*, a towing company).

70.

At all times during the Relevant Time Period, Willie's Wrecker did not employ Wright in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

71.

At all times during the Relevant Time Period, Willie's Wrecker did not employ Wright in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

72.

At all times during the Relevant Time Period, Willie's Wrecker did not employ Wright in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

73.

At all times material hereto, Wright was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

74.

At all times during the Relevant Time Period, Wright was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

75.

At all times during the Relevant Time Period, Wright was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

76.

At all times during the Relevant Time Period, Wright did not perform work in interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

77.

At all times during the Relevant Time Period, Willie's Classic was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

78.

At all times during the Relevant Time Period, Willie's Wrecker was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

79.

At all times during the Relevant Time Period, Wright did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

80.

At all times during the Relevant Time Period, Defendants compensated Wright on a commission-only basis.

81.

During the Relevant Time Period, Wright regularly worked in excess of 40 hours during each work week.

82.

At all times during the Relevant Time Period, Defendants promised to pay Wright commissions derived from a percentage of the service fees collected in connection with the service calls he completed.

83.

At all times during the Relevant Time Period, Wright performed his job duties for Defendants in reliance on both written and oral representations of Defendants as the calculation of retained service fees.

84.

Defendants knew or should have known that the FLSA applied to Wright.

85.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Wright at a rate of no less than $7.25 per hour for every hour worked during each work week.

86.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Wright at a rate of at least $7.25 per hour for every hour he worked during each work week.

87.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

88.

29 C.F.R. § 778.118 requires that the sum total of commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

89.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

90.

During the Relevant Time Period, Defendants failed to calculate a regular rate for Wright by dividing the sum total of the commission earned by the total hours worked.

91.

For each pay period during the Relevant Time Period, Defendants failed to pay Wright extra compensation at one-and-one-half times his regular rate for hours he worked in excess of 40 hours during each work week.

92.

Section 7 of the FLSA (29 U.S.C. § 207) requires that Defendants compensate Wright at a rate of one and one half times his regular rate for each hour worked in excess of forty (40) hours in a work week.

93.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Wright a premium for all hours worked above forty in a given workweek.

94.

At all times during the Relevant Time Period, Defendants failed to pay Wright at one-and-one-half times his regular hourly rate for each hour worked in excess of 40 in each workweek.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

95.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

96.

At all times during the Relevant Time Period, Wright was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

97.

At all times during the Relevant Time Period, Defendants failed to compensate Wright at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

98.

At all times during the Relevant Time Period, Defendants willfully failed to compensate Wright at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

99.

As a result of Defendants' failure to pay minimum wages as alleged above, Wright is entitled to payment of minimum wages by Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

100.

As a result of Defendants' failure to pay minimum wages minimum wages as alleged above, Wright is entitled to payment of minimum wages by Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), as well as declaratory and injunctive relief, and reimbursement of his reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II— FAILURE TO PAY OVERTIME

101.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

102.

At all times during the Relevant Time Period, Wright was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

103.

During his employment with Defendants, Wright regularly worked in excess of 40 hours each week.

104.

At all times during the Relevant Time Period, Defendants failed to pay Wright at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

105.

At all times during the Relevant Time Period, Defendants willfully failed to Wright at one and one half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

106.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Wright is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

107.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Wright is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

108.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Wright is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully pray:

1. That Plaintiff's claims be tried before a jury;
2. That Plaintiff be awarded an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid minimum wages under the FLSA, plus an additional like amount in liquidated damages;
3. That Plaintiff be awarded an amount to be determined at trial in due but unpaid overtime against Defendants, jointly and severally, plus an additional like amount in liquidated damages;
4. That the Court permanently enjoin Defendants from violating the minimum wage and overtime provisions of the FLSA;
5. That Plaintiff be awarded his costs of litigation, including reasonable attorney's fees against Defendants, jointly and severally; and
6. For such other and further relief as the Court deems just and proper.

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

**Counsel for Plaintiff**