IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAMUEL WRIGHT and | : | |
| CHRISTOPHER STOVALL, | : | |
| | : | Civil Action File No. |
|    Plaintiff, | : | |
| | : | 1:16-cv-04145-ELR |
| vs. | : | |
| | : | |
| WILLIE'S CLASSIC CARS, | : | |
| INC., WILLIE'S WRECKER | : | |
| SERVICE, INC. and WILLIE | : | |
| POLSTON, JR., | : | |
| | : | |
|    Defendants. | | |

---

## FIRST AMENDED COMPLAINT

---

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), this amended Complaint is brought

within 21 days after service of Defendants' Answer on Plaintiff. Plaintiff Samuel

Wright ("Wright") therefore amends his Complaint [Dkt. 1] in its entirety for the

purpose of adding Christopher Stovall ("Stovall") as a Plaintiff herein and shows

the Court as follows:


1. **INTRODUCTION**

1.

This is an FLSA minimum wage and overtime case.

2.

In summary, Defendants failed to pay Wright and Stovall (collectively "Plaintiffs"), their employees, at or above $7.25 for each hour they worked and failed to pay them an over premium

2. **JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Willie's Classic's and Willie's Wrecker's principal place of business is located in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

4. **THE PARTIES**

5.

Wright resides in Fulton County, Georgia.

6.

Stovall resides in Cobb County, Georgia.

7.

At all times during the three years prior to filing of the within action,
Defendants operated a tow truck service from their principal place of business
located at 1934 Veterans Memorial Hwy., S.W., Austell, Georgia.

8.

Willie's Classic is a corporation organized under the laws of the State of
Georgia.

9.

Willie's Classic is subject to the personal jurisdiction of this Court.

10.

Willie's Classic can be served via its registered agent Willie A. Polston at 5152
Lake Greystone Road, Lithia Springs, GA 30122.

11.

Willie's Wrecker is a corporation organized under the laws of the State of
Georgia.

12.

Willie's Wrecker is subject to the personal jurisdiction of this Court.

13.

Willie's Wrecker can be served via its registered agent Willie Polston at 5152
Lake Greystone Road, Lithia Springs, GA 30122.

14.

Polston is a resident of Douglas County, Georgia.

15.

Polston is subject to the personal jurisdiction of this Court.

16.

Polston is owner and CEO of Willie's Classic.

17.

Polston is owner and CEO of Willie's Wrecker.

18.

Polston can be served with process at his residence located at 5152 Lake Greystone Road, Lithia Springs, GA 30122 or wherever he can be found.

5. **INDIVIDUAL COVERAGE:**

19.

At all times during the Wright Relevant Time Period (*i.e. April 2016 through September 26, 2016*), Wright was "engaged in commerce" as an employee of Willie's Classic as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

At all times during the Wright Relevant Time Period, Wright was "engaged in commerce" as an employee of Willie's Wrecker as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

At all times during the Wright Relevant Time Period, Wright regularly provided towing services on behalf of Defendants for disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

22.

At all times during the Stovall Relevant Time Period (*i.e. December 1, 2013 through March 31, 2016*), Stovall was "engaged in commerce" as an employee of Willie's Classic as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

At all times during the Stovall Relevant Time Period, Stovall was "engaged in commerce" as an employee of Willie's Wrecker as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

At all times during the Stovall Relevant Time Period, Stovall regularly provided towing services on behalf of Defendants for disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

6. **ENTERPRISE COVERAGE:**

25.

During the three years preceding the initiation of this action, Willie's Classic has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

26.

During 2013, Willie's Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Willie's Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Willie's Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, Willie's Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

During the three years preceding the initiation of this action, Willie's Classic's tow truck drivers operated tow trucks and related equipment that were manufactured outside of the State of Georgia.

31.

During the three years preceding the initiation of this action, two or more employees of Willie's Classic, including Plaintiffs, handled the following materials that have moved in interstate commerce for the commercial purpose of the company: Vehicles, gasoline, automobile oil, uniforms, credit card machines, computers, and cellular phones.

32.

During 2013, Willie's Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

33.

During 2014, Willie's Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

34.

During 2015, Willie's Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

35.

During 2016, Willie's Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

36.

During 2013, Willie's Classic had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

During 2014, Willie's Classic had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

During 2015, Willie's Classic had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

During 2016, Willie's Classic is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

During the three years preceding the initiation of this action, Willie's Classic has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

41.

During the three years preceding the initiation of this action, two or more employees of Willie's Wrecker, including Plaintiffs, handled the following materials that have moved in interstate commerce for the commercial purpose of

the company: Vehicles, gasoline, automobile oil, uniforms, credit card machines, computers, and cellular phones.

42.

During the three years preceding the initiation of this action, Willie's Wrecker's tow truck drivers operated tow trucks and related equipment that were manufactured outside of the State of Georgia.

43.

During 2013, Willie's Wrecker had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

44.

During 2014, Willie's Wrecker had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

45.

During 2015, Willie's Wrecker had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

46.

During 2016, Willie's Wrecker had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

47.

During the three years preceding the initiation of this action, Willie's Wrecker has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

48.

During 2013, Willie's Wrecker had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

49.

During 2014, Willie's Wrecker had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

50.

During 2015, Willie's Wrecker had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

51.

During 2016, Willie's Wrecker had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

52.

During 2013, Willie's Wrecker is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

53.

During 2014, Willie's Wrecker is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

54.

During 2015, Willie's Wrecker is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

55.

During 2016, Willie's Wrecker is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

56.

During the three years preceding the initiation of this action, Willie's Wrecker has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

7.  **JOINT EMPLOYER ALLEGATIONS**

57.

During the three years preceding the initiation of this action, Willie's Classic and Willie's Wrecker comprised a single "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

58.

During the three years preceding the initiation of this action, Willie's Classic and Willie's Wrecker have shared Plaintiffs' services.

59.

During the three years preceding the initiation of this action, Willie's Classic and Willie's Wrecker have acted directly or indirectly in the interest of each other with respect to Plaintiffs.

60.

During the three years preceding the initiation of this action, Plaintiffs were under the direct control of both Willie's Classic and Willie's Wrecker.

61.

During the three years preceding the initiation of this action, Willie's Classic and Willie's Wrecker have exercised joint control over the Plaintiffs in their capacity as employees.

62.

In 2013, Willie's Classic and Willie's Wrecker jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

63.

In 2014, Willie's Classic and Willie's Wrecker jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

64.

In 2015, Willie's Classic and Willie's Wrecker jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

65.

In 2016, Willie's Classic and Willie's Wrecker jointly is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

66.

During the three years preceding the initiation of this action, Willie's Classic and Willie's Wrecker have been a joint employer of Plaintiffs within the meaning of the FLSA.

8. **STATUTORY EMPLOYER ALLEGATIONS**

67.

At all times during the Wright Relevant Time Period, Willie's Classic was an "employer" of Wright as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

68.

At all times during the Wright Relevant Time Period, Wright was an "employee" of Willie's Classic as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

69.

At all times during the Wright Relevant Time Period, Willie's Wrecker was an "employer" of Wright as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

70.

At all times during the Wright Relevant Time Period, Wright was an "employee" of Willie's Wrecker as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

71.

At all times during the Stovall Relevant Time Period, Willie's Classic was an "employer" of Stovall as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

72.

At all times during the Stovall Relevant Time Period, Stovall was an "employee" of Willie's Classic as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

73.

At all times during the Stovall Relevant Time Period, Willie's Wrecker was an "employer" of Stovall as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

74.

At all times during the Stovall Relevant Time Period, Stovall was an "employee" of Willie's Wrecker as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

75.

During the three years preceding the initiation of this action, Polston exercised operational control over the work activities of Plaintiffs.

76.

During the three years preceding the initiation of this action, Polston was involved in the day to day operation of Willie's Classic.

77.

During the three years preceding the initiation of this action, Willie's Classic vested Polston with supervisory authority over Plaintiffs.

78.

During the three years preceding the initiation of this action, Polston was involved in the day to day operation of Willie's Wrecker.

79.

During the three years preceding the initiation of this action, Willie's Wrecker vested Polston with supervisory authority over Plaintiffs.

80.

During the three years preceding the initiation of this action, Polston exercised supervisory authority over Plaintiffs.

81.

During the three years preceding the initiation of this action, Polston scheduled Wright's working hours or supervised the scheduling of Wright's working hours.

82.

During the three years preceding the initiation of this action, Polston exercised authority and supervision over Plaintiffs' compensation.

83.

During the three years preceding the initiation of this action, Polston was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

84.

During the three years preceding the initiation of this action, Plaintiffs were "employees" of Polston as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### ADDITIONAL FACTUAL ALLEGATIONS

85.

Wright worked as a tow truck driver for Defendants from approximately April 1, 2016 through September 26, 2016.

86.

At all times during the Wright Relevant Time Period, Wright operated a flatbed tow truck at the direction of and on behalf of Defendants.

87.

At all times during the Wright Relevant Time Period, Wright regularly worked for Defendants 5 to 6 days during each work week.

88.

At all times during the Wright Relevant Time Period, Wright regularly worked a 12-hour shift from 9:00 a.m. until 9:00 p.m. (or later) from Monday through Friday.

89.

At all times during the Wright Relevant Time Period, Wright regularly worked a ten-hour shift from 9:00 a.m. until 7:00 p.m. (or later) on Saturday or Sunday.

90.

At all times during the Wright Relevant Time Period, Wright regularly worked an average of 72-80 hours during each work week.

91.

Stovall worked as a tow truck driver for Defendants from approximately June 2004 through March 31, 2016.

92.

At all times during the Stovall Relevant Time Period, Stovall operated a roll-off or a medium duty wheel lift at the direction of and on behalf of Defendants.

93.

At all times during the Stovall Relevant Time Period, Stovall regularly worked for Defendants 5 to 6 days during each work week.

94.

At all times during the Stovall Relevant Time Period, Stovall regularly worked a 12-hour shift from 9:00 a.m. until 9:00 p.m. (or later) from Monday through Friday.

95.

At all times during the Stovall Relevant Time Period, Stovall regularly worked a ten-hour shift from 9:00 a.m. until 7:00 p.m. (or later) on Saturday.

96.

At all times during the Stovall Relevant Time Period, Stovall regularly worked an average of 90-100 hours during each work week.

97.

During the Stovall Relevant Time Period, Defendants made deductions from Stovall's wages for damages to Defendants' trucks.

98.

During the three years preceding the initiation of this action, Defendants required that Plaintiffs be "on call" on Sundays.

99.

During the three years preceding the initiation of this action, Defendants required that Plaintiffs pay a fuel surcharge of $9.00 per call which Defendants deducted from Plaintiffs' wages.

100.

During the three years preceding the initiation of this action, Defendants required that Plaintiffs pay for a weekly truck wash at Plaintiffs' expense in the amount of $26.50.

101.

During the three years preceding the initiation of this action, Defendants failed to create, maintain or preserve accurate records of hours Plaintiffs worked.

102.

During the three years preceding the initiation of this action, Willie's Classic did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

103.

During the three years preceding the initiation of this action, Willie's Classic did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

104.

During the three years preceding the initiation of this action, Willie's Classic did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

105.

During the three years preceding the initiation of this action, Willie's Classic did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

106.

During the three years preceding the initiation of this action, the work performed by Plaintiffs was integral to Willie's Wrecker's business purpose (*i.e.*, a towing company).

107.

During the three years preceding the initiation of this action, Willie's Wrecker did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

108.

During the three years preceding the initiation of this action, Willie's Wrecker did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

109.

During the three years preceding the initiation of this action, Willie's Wrecker did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

110.

At all times material hereto, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

111.

During the three years preceding the initiation of this action, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

112.

During the three years preceding the initiation of this action, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

113.

During the three years preceding the initiation of this action, Plaintiffs did not perform work in interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

114.

During the three years preceding the initiation of this action, Willie's Classic was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

115.

During the three years preceding the initiation of this action, Willie's Wrecker was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

116.

During the three years preceding the initiation of this action, Wright did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

117.

During the three years preceding the initiation of this action, Defendants compensated Plaintiffs on a commission-only basis.

118.

During the three years preceding the initiation of this action, Plaintiffs regularly worked in excess of 40 hours during each work week of their respective employment with Defendants.

119.

During the three years preceding the initiation of this action, Defendants promised to pay Plaintiffs commissions derived from a percentage of the service fees collected in connection with the service calls they completed.

120.

During the three years preceding the initiation of this action, Plaintiffs performed his job duties for Defendants in reliance on both written and oral representations of Defendants as the calculation of retained service fees.

121.

Defendants knew or should have known that the FLSA applied to Plaintiffs.

122.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Plaintiffs at a rate of no less than $7.25 per hour for every hour worked during each work week.

123.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Plaintiffs at a rate of at least $7.25 per hour for every hour they worked during each work week.

124.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

125.

29 C.F.R. § 778.118 requires that the sum total of commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

126.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

127.

During the three years preceding the initiation of this action, Defendants failed to calculate a regular rate for Wright by dividing the sum total of the commission earned by the total hours worked.

128.

For each pay period during the three years preceding the initiation of this action, Defendants failed to pay Plaintiffs extra compensation at one-and-one-half times their regular rate for hours they worked in excess of 40 hours during each work week.

129.

Section 7 of the FLSA (29 U.S.C. § 207) requires that Defendants compensate Plaintiffs at a rate of one and one half times their regular hourly rate for each hour worked in excess of forty (40) hours in a work week.

130.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Plaintiffs a premium for all hours worked above forty in a given workweek.

131.

During the three years preceding the initiation of this action, Defendants failed to pay Wright at one-and-one-half times his regular hourly rate for each hour worked in excess of 40 in each workweek.

### COUNT I — FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF WRIGHT

132.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

133.

At all times during the Wright Relevant Time Period, Wright was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

134.

At all times during the Wright Relevant Time Period, Defendants failed to compensate Wright at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

135.

At all times during the Wright Relevant Time Period, Defendants willfully failed to compensate Wright at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

136.

As a result of Defendants' failure to pay minimum wages as alleged above, Wright is entitled to payment of minimum wages by Defendants, jointly and

severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

137.

As a result of Defendants' failure to pay minimum wages minimum wages as alleged above, Wright is entitled to payment of minimum wages by Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), as well as declaratory and injunctive relief, and reimbursement of his reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II – FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF STOVALL**

138.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

139.

At all times during the Stovall Relevant Time Period, Stovall was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

140.

At all times during the Stovall Relevant Time Period, Defendants failed to compensate Stovall at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

141.

At all times during the Stovall Relevant Time Period, Defendants willfully failed to compensate Stovall at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

142.

As a result of Defendants' failure to pay minimum wages as alleged above, Stovall is entitled to payment of minimum wages by Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

143.

As a result of Defendants' failure to pay minimum wages minimum wages as alleged above, Stovall is entitled to payment of minimum wages by Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b),  as well as declaratory and injunctive relief, and reimbursement of his reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT III— FAILURE TO PAY OVERTIME AS TO PLAINTIFF WRIGHT

144.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

145.

At all times during the Wright Relevant Time Period, Wright was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

146.

During his employment with Defendants, Wright regularly worked in excess of 40 hours each week.

147.

At all times during the Wright Relevant Time Period, Defendants failed to pay Wright at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

148.

At all times during the Wright Relevant Time Period, Defendants willfully failed to Wright at one and one half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

149.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Wright is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

150.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Wright is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

151.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Wright is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT IV— FAILURE TO PAY OVERTIME AS TO PLAINTIFF STOVALL**

152.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

153.

At all times during the Stovall Relevant Time Period, Stovall was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

154.

During his employment with Defendants, Stovall regularly worked in excess of 40 hours each week.

155.

At all times during the Stovall Relevant Time Period, Defendants failed to pay Stovall at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

156.

At all times during the Stovall Relevant Time Period, Defendants willfully failed to Stovall at one and one half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

157.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Stovall is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

158.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Stovall is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

159.

As a result of Defendants' nonpayment of overtime compensation as alleged above, Stovall is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1.    That Plaintiffs' claims be tried before a jury;

2.    That Plaintiffs be awarded amounts to be determined at trial against Defendants, jointly and severally, in due but unpaid minimum wages under the FLSA, plus additional like amounts in liquidated damages;

3.    That Plaintiffs be awarded amounts to be determined at trial in due but unpaid overtime against Defendants, jointly and severally, plus additional like amounts in liquidated damages;

4.    That the Court permanently enjoin Defendants from violating the minimum wage and overtime provisions of the FLSA;

5.    That Plaintiffs be awarded their costs of litigation, including reasonable

attorney's fees against Defendants, jointly and severally; and

6.    For such other and further relief as the Court deems just and proper.


DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

3100 Centennial Tower
101 Marietta Street          */s/Charles R. Bridgers*
Atlanta, Georgia 30303       Charles R. Bridgers
(404) 979-3150               Ga. Bar No. 080791
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com    */s/ Kevin D. Fitzpatrick, Jr.*
kevin.fitzpatrick@dcbflegal.com  Kevin D. Fitzpatrick, Jr.
                             Ga. Bar No. 262375


**Counsel for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL WRIGHT and                :
CHRISTOPHER STOVALL,             :
                                 :        Civil Action File No.
    Plaintiff,                   :
                                 :        1:16-cv-04145-ELR
vs.                              :
                                 :
WILLIE'S CLASSIC CARS,           :
INC., WILLIE'S WRECKER           :
SERVICE, INC. and WILLIE         :
POLSTON, JR.,                    :
                                 :
    Defendants.

## Certificate of Service

I hereby certify that on December 7, 2016, I caused the foregoing document to

be filed with the Clerk through the Court's CM/ECF system, thereby ensuring

electronic service upon all counsel of record. I further certify that I have served *pro*

*se* Defendants via First Class U.S. Mail as follows:

Willie Polston, Jr.
5152 Lake Greystone Road
Lithia Springs, Georgia 3012

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791