## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Christopher Stovall ("Stovall") and Willie's Wrecker Service, Inc ("Willie's Wrecker"), Willie's Classic Cars, Inc. ("Classic Cars"), and Willie Polston, Jr. (collectively referred to as "Releasees") on their own behalf and on behalf of their respective past and present parent companies, subsidiaries and affiliates, and their respective past and present heirs, owners, shareholders, predecessors, successors, assigns, partners, representatives, officers, directors, agents, employees, and insurers (Stovall, Willie's Wrecker, Classic Cars and Polston are collectively referred to herein as the " Parties").

WHEREAS, Stovall was previously employed by Willie's Wrecker ;

WHEREAS, on November 4, 2016, Stovall filed a lawsuit styled *Christopher Stovall v. Willie's Wrecker Service, Inc, Willie's Classic Cars, Inc., and Willie Polston, Jr.*, United States District Court for the Northern District of Georgia, Atlanta Division, and bears Civil Action File No.1:16-CV-04145-ELR (the "Action") asserting claims for unpaid minimum wage and overtime wages under the Fair Labor Standards Act. Stovall represents that no other charges, actions or claims are pending on Stovall's behalf, other than those set forth in this paragraph; Willie's Wrecker contends that Stovall was an exempt employee and not subject to overtime wages, is not owed any overtime wages and denies that it owes Stovall any alleged unpaid overtime wages, unpaid minimum wage or any other amount Stovall is claiming.

WHEREAS, Releasees deny all claims asserted in the Action by Stovall, including each of his claims asserted in the Action and deny that Stovall is entitled to any relieve whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Releasees– such being expressly denied by Releasees– the Parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Stovall against Releasees relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, the Parties recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of all claims by Stovall for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1

1.   **Non-Admission**.  This Agreement and compliance with this Agreement shall not be construed as an admission by Willie's Wrecker, Classic Cars or Willie Polston, Jr. of any liability whatsoever, or as an admission by Willie's Wrecker, Willie's Classic Cars or Willie Polston, Jr. of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity.  Willie's Wrecker, Willie's Classic Cars, and Willie Polston, Jr. specifically disclaim any liability to Stovall or any other person for any alleged violation of the rights of Stovall or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Releasees, or by any of Releasee's employees or agents.

2.   **Proper Defendant**.  The Parties agree that Willie's Wrecker was Stovall's employer and is the proper defendant in this matter.

3.   **No Other Claim for Wages**.  Upon receipt of the proceeds specified in this Agreement, Stovall agrees that he has been fully paid for all hours worked for Willie's Wrecker  and that he does not have any claims for wages, overtime, liquidated damages, attorneys' fees or any other claims against Willie's Wrecker or any other released parties.

4.   **Dismissal of Action with Prejudice**.  In exchange for the consideration described in Paragraph 5 herein-below, Stovall agrees to take all action necessary to withdraw or otherwise dismiss with prejudice any and all claims currently pending against Releasees.  Stovall further agrees to cooperate in obtaining court approval of this settlement and Stovall agrees to dismiss with prejudice the above-referenced Lawsuit.  The Parties will cooperate in the filing of a joint motion for approval of the settlement within five (5) business days of the date of the execution of this Agreement.

5.   **Settlement Consideration**.

a.   Payment to Stovall:  Within the time and in the manner specified in subparagraph (b) below, Releasees will pay to Stovall the gross amount of Twelve Thousand and 00/100 Dollars ($12,000)(the "Settlement Proceeds") representing payment of all claimed damages to Stovall, and made payable as follows:

(1)   Wage Income.  A check in the amount of Six Thousand Dollars ($6,000.00) made payable to Christopher Stovall from which statutory tax withholdings will be made and for which Willie's Wrecker will issue a W-2 to Stovall designating this payment as wages.

(2)   Non-Wage Income. A check in the amount of Six Thousand Dollars ($6,000.00) made payable to Christopher Stovall  representing Plaintiff's claim for liquidated damages, without deduction, and for

which Defendants will issue Plaintiff an IRS Form 1099 designating such payment in Box 3 "other income".

(b) **Attorneys' Fees and Expenses.** A check in the amount of Twenty Two Thousand, Seven Hundred Ninety-Four and 08/100 Dollars ($22,794.08) made payable to Charles R. Bridgers, Attorney, LLC 3100 Centennial Tower, 101 Marietta Street NW, Atlanta, Georgia, 30303.

(c) **Timing and Manner of Payment and Conditions Precedent:** The checks making payment under this Agreement to Stovall and his counsel (the "Settlement Checks") will be forwarded to Stovall's counsel, Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, within ten (10) days after the U.S. District Court enters an Order approving this settlement and dismissing the Lawsuit with Prejudice.

6. **Release by Stovall.**

a. **Claims Released by Stovall.** Stovall irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Stovall against Willie's Wrecker, Classic Cars, or Willie Polston, Jr. or any of the Released Parties listed in Paragraph 6(b) relating to conduct or events occurring at any time prior to and including the date on which this Agreement. However, Stovall is not releasing any claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released.

b. **Released Parties.** The "Released Parties" are Willie's Wrecker Service, Inc, Willie's Classic Cars, and Willie Polston, Jr., and all of their predecessors, successors, current, future and former parent companies, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

c. **Unknown Claims.** Stovall understands that he is releasing the Released Parties from Released Claims that he may not know about. That is his knowing and voluntary intent, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are

3

untrue. Nevertheless, Stovall is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Stovall expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims. Stovall understands the significance of doing so.

d.      **Ownership of Claims.**   Stovall agrees that he has not assigned or transferred any Released Claim, nor has he attempted to do so. He expressly represents and warrants that he has the full legal authority to enter into this Agreement for himself, and does not require the approval of anyone else.

7.      **Pursuit of Released Claims.**   Other than the Action, Stovall represents and warrants that he has not filed or caused to be filed any demand for arbitration, lawsuit, complaint, or charge with respect to any Released Claims, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint based on any such claim. Stovall understands that while he is not precluded from filing a charge with an administrative agency, he promises never to seek any damages, remedies, or other relief for himself personally (any right to which he hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such claim.   To the extent that Stovall is awarded any form of monetary relief in subsequent proceedings against any Released Parties based on claims released herein, Stovall hereby assigns all such relief to Willie's Wrecker.

8.      **No Future Employment.**   Stovall agrees and recognizes that his employment relationship with Willie's Wrecker has forever ended. Stovall hereby understands and agrees that he will not be re-employed by Willie's Wrecker or its subsidiaries, divisions and affiliates in the future and that he will never knowingly apply to Willie's Wrecker or its subsidiaries, divisions and affiliates for any job or position in the future. Stovall agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Willie's Wrecker, its subsidiaries, divisions or affiliates, the offer may be withdrawn and he may be terminated without notice, cause, or legal recourse.

9.      **Non-Disparagement.**   Stovall agrees that he will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements he may make at any time after the execution of this Agreement. Likewise, the Released Parties agree that they will not criticize, denigrate, or disparage Stovall in any comments or statements they may make at any time after the execution of this Agreement.

10.     **Neutral Reference.**   If any prospective employer of Stovall contacts Willie's Wrecker or Willie Polston, Jr. regarding Stovall, Willie's Wrecker and Willie Polston, Jr. shall give a neutral reference, only indicating Stovall's dates of employment, position, and if required, rates of pay.

11.     **Not a Prevailing Party.**   Stovall shall not be considered a prevailing party for any purpose.

4

12.    **Confidentiality and Non-Disclosure.** Except as necessary to obtain court approval of this Agreement, as discussed above, neither Stovall nor the Released Parties will disclose the terms or amount of this settlement or this Agreement to anyone other than their attorneys or other confidential professional advisors and, even as to such persons, only if they agree to honor this confidentiality provision. In the event anyone enquires about the claims or the underlying allegations that led up to the settlement evidenced by this Agreement, Stovall and the Released Parties may communicate only that "the matter has been resolved" or may make similarly limited statements. This subsection does not prohibit disclosures to the extent necessary to legally enforce this Agreement or to the extent required by law or for accounting, tax, financial reporting or governmental compliance purposes.

13.    **Payment of Applicable Taxes.** Stovall is and shall be solely responsible for all federal, state and local taxes that may be owed by Stovall by virtue of the receipt of the monetary payment provided under this Agreement. Willie's Wrecker is solely responsible for the employer's share of any required taxes. Stovall agrees to indemnify and hold Willie's Wrecker harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Stovall under this Agreement unless such liability is caused by a wrongful action or inaction of Willie's Wrecker .

14.    **Acknowledgement.** Stovall acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Stovall enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Stovall further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that Stovall understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Stovall also acknowledges that he has consulted with or had the opportunity to consult with an attorney of his choosing concerning this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorneys' advice. Stovall acknowledges that he is getting more consideration under this Agreement than he is otherwise entitled. Stovall further understands and acknowledges that he is only releasing claims that arose prior to the execution of this Agreement.

15.    **Implementation.** Stovall, Willie's Wrecker, Classic Cars, and Polston agree to sign any documents and do anything else that is or may be necessary in the future to implement this Agreement.

16.    **Interpretation.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Stovall or any Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to

include the term "and" and the singular or plural shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

17.  **No Waiver by the Parties**. The waiver by the parties of any provision of this Agreement or a breach of any provision of this Agreement by the parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the parties.

18.  **Choice of Law & Choice of Venue**. The parties agree this Agreement will be governed exclusively by Georgia law, and/or federal law, if applicable. The parties further agree that any actions arising under, or to enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, Atlanta Division, provided that, if the United States District Court for the Northern District of Georgia declines to exercise jurisdiction over such action, such action shall be filed in the Superior Court of Cobb County, in Marietta, Georgia. The parties hereby expressly consent to jurisdiction and venue in Marietta, Georgia and waive any defenses related to jurisdiction or venue.

19.  **Counterparts**. This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, with the same effect as if the parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall <u>not</u> be publicized in accordance with the terms of <u>Paragraph 7</u> of this Agreement. This Agreement may be executed with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

20.  **Breach**. Stovall acknowledges that if he materially breaches or threatens to materially breach this Agreement, including, but not limited to, Stovall's obligations in the paragraphs pertaining to Non-Disparagement and Confidentiality, and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the Releasees shall be entitled to all remedies allowed in law or equity. Releasees may seek injunctive relief to enforce the provisions of this Agreement. Likewise, Stovall shall be entitled to seek injunctive relief to enforce the provisions of this Agreement.

If any legal action or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any provision of this Agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees, court costs and all expenses even if not taxable as court costs (including, without limitation, all such fees, costs and expenses incident to arbitration, appellate, bankruptcy and post-judgment proceedings), incurred in that action or proceeding, in addition to any other relief to which such party or parties may be entitled.

21. **Severability.**  Except as otherwise provided in this paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

22. **Entire Agreement.**   This Agreement contains the entire agreement and understanding between Stovall and the Releasees with respect to its subject matter, and this Agreement supersedes all other agreements between Stovall and the Releasees with regard to such disputes or claims.  This Agreement shall not be changed unless in writing and signed by Stovall, Willie's Wrecker, Willie's Classic Cars and Willie Polston, Jr..

23. **Knowing and Voluntary Waiver.**  Stovall acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary.  He further acknowledges that he understands the terms of this Agreement; that the payment referred to in this Agreement equals that to which he would otherwise not have been entitled; that the actual payment is in exchange for his release of the claims referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with his attorneys in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings with Willie's Wrecker, Willie's Classic Cars, Inc. and Willie Polston, Jr. concerning this Agreement.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

AGREED AND ACCEPTED:

_____
CHRISTOPHER STOVALL

Dated: _____

READ AND APPROVED:

_____
CHARLES BRIDGERS, ESQ.
ATTORNEY FOR CHRISTOPHER
STOVALL

AGREED AND ACCEPTED:

_____
WILLIE POLSTON, JR.

Dated: _____

WILLIE'S WRECKER SERVICE, INC

By: _____

Title: _____
Dated: _____

WILLIE'S CLASSIC CARS, INC.

By: _____

Title: _____
Dated: _____

8